## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **BRIAN DOUGLAS SHEAFFER** | : | |
| **GLENDA KAY SHEAFFER** | : | CASE NO. 1:16-bk-02827 |
| | : | |
| **Debtors** | : | |
| | : | |
| **INSINGER PERFORMANCE, INC. AND** | : | ADVERSARY NO. 1:16-AP-00143 |
| **BRUCE INSINGER AND BRENDA** | : | |
| **INSINGER** | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **BRIAN DOUGLAS SHEAFFER** | : | |
| **GLENDA KAY SHEAFFER** | : | |
| | : | |
| **Defendants** | | |

## DEBTORS' 12(b)(6) MOTION TO DISMISS COMPLAINT BY INSINGER PERFORMANCE, INC. AND BRUCE W. INSINGER AND BRENDA INSINGER OBJECTING TO DEBTORS' DISCHARGE AND FOR DETERMINATION OF DISCHARGABILITY OF CERTAIN DEBTS PURSUANT TO § 523 AND §727 OF THE BANKRUPTCY CODE

1. Brian and Glenda Sheaffer filed a chapter 13 bankruptcy on 7/8/16.

2. On 10/11/16, the Plaintiffs filed a Complaint Objecting to Dischargeability of Indebtedness of Brian Shearffer and Glenda Sheaffer pursuant to 11 U.S.C. §523 and §727.

3. Rule 7012(b) of the Federal Rules of Bankruptcy Procedure states that Rules 12(b)-(i) of the Federal Rules of Civil Procedure apply in adversary proceedings.

4. Federal Rule of Civil Procedure 12(b)(6) may be raised as a defense to dismiss a complaint that fails to state a claim upon which relief can be granted.

5. The Court of Appeals for the Third Circuit, in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), established a two-part inquiry to be followed when deciding a motion to dismiss under Rule 12(b)(6). First, a court must separate all factual and legal elements of the claim, treating all facts alleged in the complaint as true. *Fowler*, 578 F.3d at 210. Second, a court must look to facts alone to determine whether the allegations give rise to a plausible claim for relief. Id. at 210-11. The Court of Appeals noted that, ultimately, a complaint must do more than merely allege an entitlement to relief. Id. at 211. It must plead facts sufficient

to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. Pursuant to 103(b) of the Bankruptcy Code, "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." Section 727 of the Code is within Subchapter II of chapter 7. Allegations in the Complaint which are based upon section 727 of the Code should be dismissed in their entirety because section 727 of the Code does not apply in a Chapter 13 bankruptcy case.

7. Section 523(a) states: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt..." Debtors are not seeking a "hardship" discharge under 1328(b); rather they are seeking a discharge under 1328(a).

8. Section 523(a)(6) of the Code is dischargeable in a Chapter 13 case pursuant negative implication of the "super" discharge of Chapter 13. See section 1328(a)(2):

> (a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt-

> (...)

> (2)of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a);

9. Because claims under 523(a)(6) are dischargeable in Chapter 13, any allegation based upon 523(a)(6) of the Code should be dismissed.

10. Allegations based upon 523(a)(2)(A) and 523(a)(4) are not automatically excepted from discharge under 1328(a)(2); however, Plaintiff fails to state a claim for relief under those sections.

11. One count of the Complaint is brought under 11 U.S.C. § 523(a)(2)(A) and a second count is brought under 11 U.S.C. § 523(a)(4). Both provisions require proof of actual fraud by the debtor. See *In re Adalian*, 481 B.R. 290 (Bankr. M.D. Pa. 2012) (discussing § 523(a)(2)(A))

and *In re Geiger*, 446 B.R. 670 (Bankr. E.D. Pa. 2010) (discussing § 523(a)(4)). Both counts should be dismissed because there is no proof of actual fraud.

12. Furthermore, section 523(a)(4) deals with "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Whether a party is acting in a "fiduciary capacity" is a question of federal law. *LSP Invest. P'ship v. Bennett* (In re Bennett), 989 F.2d 779, 784 (5th Cir.), cert. denied, 510 U.S. 1011 (1993). "The traditional definition of fiduciary, involving a person who stands in a special relationship of trust, confidence, and good faith, is 'far too broad for the purposes of bankruptcy law.'" *Windsor v. Librandi* (In re Librandi), 183 B.R. 379, 382 (M.D. Pa. 1995) (quoting *Matter of Rausch*, 49 B.R. 562, 564 (Bankr. D.N.J. 1985). Rather, an express or technical trust must be found for a fiduciary relationship to exist under § 523(a)(4). Id. This requirement encompasses a trust created by a formal trust agreement as well as "trust-type obligations . . . imposed pursuant to statute or common law." *Bennett*, 989 F.2d at 784-85.

13. The Complaint contains no allegations asserting the creation of an express or technical trust. Neither Brian Sheaffer nor Glenda Sheaffer acted in a "fiduciary capacity." Therefore, the claim under 523(a)(4) should be dismissed. In fact, Glenda Sheaffer had no dealings with Plaintiffs and has no interest in Perry Petroleum Equipment, LTD, Inc.

14. Section 523(a)(2)(A) is an exception to discharge for "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

15. "It is well-established that, to succeed in a § 523(a)(2)(A) claim, the plaintiff must prove, by a preponderance of the evidence, see Grogan v. Garner, 498 U.S. 279, 282-89, 111 S.Ct. 654, 656-61, 112 L.Ed.2d 755 (1991), each of the following five elements: "(1) that the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damages as a proximate result of the representations having been made.

16. Plaintiffs fail to state a plausible claim under 523(a)(2)(A) because they fail to allege and satisfy each of the required elements of actual fraud.

WHEREFORE, the Debtors respectfully request that this Court dismiss the Complaint in its

entirety and grant such other relief to the Debtors as this Court deems just.

Respectfully submitted,

/s/ Kara K. Gendron
Kara K. Gendron, Esquire
Attorney ID 87577
Mott & Gendron Law
125 State Street
Harrisburg, PA 17101
(717) 232–6650 TEL
(717) 232-0477 FAX
kgendron.mottandgendronlaw@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **BRIAN DOUGLAS SHEAFFER** | : | |
| **GLENDA KAY SHEAFFER** | : | CASE NO. 1:16-bk-02827 |
| | : | |
| Debtor(s) | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>October 21, 2016</u>, I served a copy of the served a copy of the foregoing document(s) electronically or by placing the same in the United States Mail, First Class, postage pre-paid, addressed as follows on the following parties:

| Name and Address | Mode of Service |
|---|---|
| CHARLES J DEHART, III ESQUIRE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036 | Electronically |
| BRIAN DOUGLAS SHEAFFER<br>GLENDA KAY SHEAFFER<br>222 SAWMILL ROAD<br>PORT ROYAL, PA 17082 | Electronically |
| William Philip Carlucci, Esquire<br>on behalf of Creditors Bruce and Brenda Insinger and<br>on behalf of plaintiff Insigner Performance inc.<br>wcarlucci@elionwayne.com | Electronically |

I certify under penalty of perjury that the foregoing is true and correct.
Date: 10/21/2016

/s/ Kara K. Gendron
_____
Kara K. Gendron, Esquire
Dorothy L. Mott Law Office, LLC
125 State Street
Harrisburg, PA 17101
(717) 232–6650 TEL
(717) 232-0477 FAX
Karagendronecf@gmail.com