IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| BRIAN DOUGLAS SHEAFFER | * | |
| GLENDA KAY SHEAFFER, | * | |
|     Debtors | * | CASE NO: 1:16-bk-02827-MDF |
| | * | |
| INSINGER PERFORMANCE, INC. | * | |
| BRUCE INSINGER and | * | ADV. NO: 1:16-ap-00143-MDF |
| BRENDA INSINGER | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| BRIAN DOUGLAS SHEAFFER and | * | |
| GLENDA KAY SHEAFFER | * | |
|     Defendants | * | |

## OPINION

Before the Court is a motion filed by Brian Douglas Sheaffer and Glenda Kay Sheaffer ("Debtors") to dismiss the amended complaint (the "Amended Complaint") filed by Insinger Performance, Inc. ("Insinger Performance"), Bruce Insinger and Brenda Insinger (collectively "Plaintiffs"). Plaintiffs request the Court to find that their claim against Debtors should be excepted from discharge under 11 U.S.C. § 523(a)(2) and § 523(a)(4) as incorporated in Chapter 13 under § 1328(a)(2). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

### I. Background

Debtors filed a joint Chapter 13 bankruptcy petition on July 8, 2016. In their schedules and statements, Debtors report that Brian Douglas Sheaffer ("Brian") is the president and sole shareholder of Perry Petroleum Equipment LTD, Inc ("Perry Petroleum"). Glenda Kay Sheaffer ("Glenda"), Brian's wife, is not listed as a shareholder, officer, or director of Perry Petroleum.

Perry Petroleum is a debtor-in-possession in a pending Chapter 11 case in this District, but is no longer operating. Plaintiffs' claim against Debtors arises out of a business contract between Insinger Performance and Perry Petroleum.

On October 11, 2016, Plaintiffs filed a complaint arguing that a certain indebtedness owed to Insinger should be excepted from discharge under § 523(a)(2), (4) and (6). Plaintiffs also requested that Debtors' discharge be denied under § 727. Debtors' filed a motion to dismiss the complaint after which Plaintiffs were granted leave to file an amended complaint. On November 15, 2016, Plaintiffs filed the within Amended Complaint, which eliminated counts asserted under § 523(a)(6) and § 727.

The Amended Complaint sets forth the following allegations in support of Plaintiffs' position that amounts owed to Insinger should be excepted from Debtors' discharge under § 523(a)(2) and (a)(4). In June 2016 Plaintiffs filed suit against Brian and Perry Petroleum in the Court of Common Pleas of Perry County. Plaintiffs refer to the state court complaint and attach a copy.[1] Perry Petroleum and Brian sold Insinger petroleum storage tanks, related piping and fixtures and other equipment ("Construction Project Material"). Debtors "expressly and impliedly represented" that these items were property of either Debtors or Perry Petroleum and that they were able to transfer good title, free of encumbrances, to Insinger. Debtors are the sole shareholders of Perry Petroleum. "[B]ecause Debtors are collectively the owners of Perry Petroleum" any representations made by Brian to Insinger were made in his personal capacity and as the agent of both Perry Petroleum and Glenda. Insinger relied on the representations

---

[1]The only relevant count in the state court complaint is the fraud count. Documents referred to in the complaint and central to the claims are deemed to form part of the pleadings. *Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999) (citations omitted).

regarding title to Construction Project Material it purchased from Perry Petroleum and paid for the items based on such reliance.

After Insinger paid for the items purchased, it was notified that a mechanic's lien had been filed against the Insingers' property because Perry Petroleum had not paid E.O. Habhegger, Inc. for the materials used in the project. When Perry Petroleum sold the items to Insinger, Debtors were aware of the possible lien and knew that representations made about title to the Construction Project Materials were false.

Insinger examined Brian under Rule 2004, but he was unable to respond to questions without referring to documents that he has failed to produce. Insinger believes that Debtors have comingled corporate and personal funds and have wrongfully transferred assets. Objections have been filed to Debtors' Chapter 13 plan, and Debtors have not proceeded in good faith.[2]

## II. Discussion

Debtors move to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6), as incorporated by Fed. R. Bankr. P. 7012(b), for failure to state a claim upon which relief can be granted. First, Debtors assert that Glenda has no ownership interest in Perry Petroleum and was not involved in the transaction at issue in the Amended Complaint. Debtors also assert that Plaintiffs have failed to set forth facts that, if proven, would demonstrate that either one or both Debtors were acting in a fiduciary capacity, a requirement to support a claim from relief under 11 U.S.C. § 523(a)(4). Finally, Debtors argue that in pursuing an exception to discharge under 11

---

[2]This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a non-*Stern* core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

U.S.C. § 523(a)(2), Plaintiffs have failed to meet the pleading requirements of Fed. R. Civ. P. 9(b), as incorporated by Fed. R. Bankr. P. 7009, when fraud is asserted.

*A. Dismissal under Fed. R. Civ. P. 12(b)(6)*

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences in favor of the non-moving party, and ask whether under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), the trial court conducts a two-step process to determine whether relief should be granted. First, the court separates factual and legal issues and disregards legal conclusions while assuming that well-pleaded factual allegations are true. *Fowler,* 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 678). Second, examining the factual allegations alone, the court determines whether those allegations give rise to a plausible claim for relief. *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679). "Mere recitation of the elements of a claim is insufficient to survive a Rule 12(b)(6) motion to dismiss." *In re Am. Home Mortg. Holding*, 458 B.R. 161, 169 (Bankr. D. Del. 2011) (citing *Twombly*, 550 U.S. at 555).

4

Case 1:16-ap-00143-RNO    Doc 12    Filed 01/25/17    Entered 01/26/17 14:13:26    Desc
Main Document      Page 4 of 11

*B. Dismissal of Amended Complaint as to Glenda*

Debtors argue that the Amended Complaint must be dismissed as to Glenda because she was not involved in the business as described in Debtors' schedules and statements. As Glenda's role in the business is a factual allegation, I must accept this factual statement as true for purposes of deciding a Rule 12(b)(6) motion. Accordingly, Debtors' motion may not be granted based upon disputed facts at this preliminary stage in the proceeding. As I will discuss below, however, the allegations regarding Glenda in the Amended Complaint are insufficient to establish a plausible claim for relief under § 523(a)(2) or (a)(4).

*C. Elements of proof required under § 523(a)(4)*

Section 523(a)(4) provides that a debtor will be denied a discharge for a debt that is "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). "This section addresses fraud or defalcation by a fiduciary and embezzlement or larceny while not acting as a fiduciary." *In re Meyers*, Bankr. No. 1:09-bk-09310MDF, Adv. No. 1:10-ap-00223MDF, 2010 WL 5475650, *4 (Bankr. M.D. Pa. December 29, 2010) (citing *In re Napoli,* 82 B.R. 378 (Bankr. E.D. Pa. 1988) (other citations omitted)).

*1. Fraud or defalcation while acting in a fiduciary capacity*

Whether a party is acting in a "fiduciary capacity" is a question of federal law. *LSP Invest. P'ship v. Bennett (In re Bennett)*, 989 F.2d 779, 784 (5th Cir. 1993), *cert. denied*, 510 U.S. 1011 (1993). "The traditional definition of fiduciary, involving a person who stands in a special relationship of trust, confidence, and good faith, is 'far too broad for the purposes of bankruptcy law.'" *Windsor v. Librandi (In re Librandi)*, 183 B.R. 379, 382 (M.D. Pa. 1995) (quoting *Matter of Rausch*, 49 B.R. 562, 564 (Bankr. D.N.J. 1985). Rather, an express or

5

technical trust must be found for a fiduciary relationship to exist under § 523(a)(4). *Id.* This requirement encompasses a trust created by a formal trust agreement as well as "trust-type obligations . . . imposed pursuant to statute or common law." *Bennett,* 989 F.2d at 784-85.

In the matter before me, although Plaintiffs request relief under § 523(a)(4), there are no allegations asserting the creation of an express or technical trust.

    *2. Embezzlement or larceny*

"Both embezzlement and larceny, as used in section 523(a)(4), are to be determined with reference to federal common law." *In re Truch*, 508 B.R. 616, 623 (Bankr. D.N.J. 2014) (citing *In re Steele,* No. 04-1459DWS, 04-0731, 2005 WL 281154, at *3 (Bankr. E.D. Pa. January 28, 2005); *In re Jardula,* 122 B.R. 649 (Bankr. E.D.N.Y. 1990)). Embezzlement is the "fraudulent appropriation of property by a person when such property has been entrusted [to him], or into whose hands it has lawfully come." *In re Crawford*, 476 B.R. 890, 897 (Bankr. W.D. Pa. 2012) (quoting *Elliott v. Kiesewetter (In re Kiesewetter),* 391 B.R. 740, 748 (Bankr. W.D. Pa. 2008); *Nelson v. Ishmael (In re Ishmael),* Adv. No. 07–287, 2008 WL 80040, *6 (Bankr. E.D. Pa. Jan. 7, 2008)).

"To prove embezzlement, the creditor must show that the debtor appropriated lawfully received funds for his own benefit and did so with fraudulent intent or deceit." *Truch,* 508 B.R. at 623 (citation omitted). "Larceny differs [from embezzlement] in that it requires the initial appropriation to be wrongful." *In re Crawford,* 476 B.R. at 898. In the matter before me, none of the elements to establish either larceny or embezzlement have been alleged.

Accordingly, the Amended Complaint is deficient under *Twombley* and *Iqbal* to establish an exception to discharge under § 523(a)(4) and will be dismissed.

6

*D. Elements of proof under 11 U.S.C. § 523(a)(2)(A)*

Section 523(a)(2)(A) provides that a debt is excepted from discharged if it was:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

Debtors move to dismiss the Amended Complaint because Plaintiffs have failed to allege facts that if proven, would establish the five common law elements of fraud. These elements are: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained a loss as a proximate result of the representation. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998); *Howard v. Howard (In re Howard)*, 541 B.R. 782, 790 (Bankr. M.D. Pa. 2015); *Chase Bank USA v. Ritter, (In re Ritter)*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).

Most complaints brought under § 523(a)(2)(A) are based upon a false representation so courts typically have relied on these elements when analyzing whether a debt should be excepted from discharge under § 523(a)(2)(A). Recently, however, the Supreme Court resolved a split among the courts on the issue of whether § 523(a)(2)(A) applies to fraudulent schemes in the absence of a fraudulent misrepresentation. In *Husky Int'l Elecs., Inc. v. Ritz,* ___ U.S. ___, 136 S. Ct. 1581, 1586 (2016), the Supreme Court determined that "actual fraud" is a concept distinct from "false representation" and includes "anything that counts as 'fraud' and is done with

7

wrongful intent." *Id.* To establish actual fraud under § 523(a)(2)(A), a creditor must prove that 1) the debtor engaged in actual fraud[3]; 2) the debtor obtained money, property, services or credit by engaging in actual fraud; and 3) the debt arose from the actual fraud. *Hatfield v. Thompson (In re Thompson),* 555 B.R. 1, 10 (B.A.P. 10th Cir. 2016).[4] Stated differently, a creditor must prove that a debtor took some action in furtherance of his wrongful intent, that the fraudulent action enabled him to obtain money, property, services or credit, and that the debt arose in the context of the fraudulent scheme.

Here, Plaintiffs have asserted elements of both fraudulent misrepresentation and actual fraud. What the Amended Complaint lacks, however, are allegations of specific facts to support an exception to discharge under § 523(a)(2)(A) under either theory. Plaintiffs state that Brian and Perry Petroleum sold the Construction Project Materials to Insinger. Insinger paid Perry

---

[3]"Actual fraud" must be distinguished from "constructive fraud." Constructive fraud is established through the inadequacy of consideration. Actual fraud, however, demands that the debtor intended to hinder or delay the creditor. *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000). By the terms of the statute, § 523(a)(2)(A) requires proof of actual fraud.

[4]Prior to *Husky,* numerous courts, including bankruptcy courts in the Third Circuit, determined that "actual fraud" in § 523(a)(2)(A) did not require that a debtor make a false representation to the injured party. *McClellan,* 217 F.3d at 893 (holding that actual fraud does not require a misrepresentation and includes "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another" (quoting 4 Collier on Bankruptcy ¶ 523.08[1][e], p. 523-45 (15th ed., Lawrence P. King ed., 2000)); *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich*), 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001) (holding that "[w]hen a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code); *Estate of Hendry v. Hendry (In re Hendry)*, 428 B.R. 68, 81 (Bankr. D. Del. 2010) (observing that to impose technical restrictions on establishing fraud would reward "fraudsters who carry out their misdeeds through indirect, yet equally deceptive, means . . . ."); *K-B Building Co. v. Barber (In re Barber)*, 281 B.R. 617, 624 (Bankr. W.D. Pa. 2002) ("Actual fraud is a broader concept than fraudulent misrepresentation and encompasses fraud that is not based on any representation.")

Petroleum for the materials expecting to get good title. Later E.O. Habhegger filed a mechanic's lien against the Insingers' property where the Construction Project Materials had been installed. Plaintiffs allege that Debtors were aware of the lien and knew that representations made about title to the Construction Project Materials were false. What is missing in these allegations is exactly what representations were made about the title to the materials, who made them and when.[5] Further, it is unclear whether Plaintiffs are alleging that all Debtors, including Glenda, made representations concerning the materials and had knowledge regarding the falsity of those statements. Finally, Plaintiffs allege that Debtors may have commingled funds or transferred assets with no factual detail to support these general assertions.

In the state court complaint, Plaintiffs allege that Debtors "deliberately concealed" from Plaintiffs that the materials being purchased were subject to a mechanic's lien, but this specific averment is not included in the Amended Complaint. Further, how exactly was the existence of the mechanics lien concealed?

In general, by incorporating a state court complaint with multiple counts, some of which are not relevant in this adversary proceeding, Plaintiffs have made it difficult to determine whether they have set forth a plausible case of actual fraud or a case of fraudulent

---

[5]In the Brief submitted in opposition to Debtors' Motion to Dismiss, Plaintiffs state in support of their count under 11 U.S.C.§ 523(a)(4) that they believe that "discovery in this matter will reveal that the Defendant [sic] deliberately made affirmative representations to the Plaintiff that the Defendants were the owners of much of the material which they installed at Plaintiffs' real property . . . ." Plaintiffs' Brief, p. 7. Certainly whatever representations were made is within the knowledge of at least one of the Plaintiffs and could be pleaded with particularity without discovery.

misrepresentation under 11 U.S.C. § 523(a)(2)(A). Accordingly, the motion to dismiss the Amended Complaint will be granted.

   E.  *Pleading fraud with particularity*

Debtors also move to dismiss the Amended Complaint for failure to properly plead fraud under Fed. R. Civ. P. 9(b).  Rule 9(b) "requires a plaintiff to plead with particularity 'the circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *In re Int'l Auction & Appraisal Servs. LLC*, 493 B.R. 460, 467, n.5 (Bankr. M.D. Pa. 2013) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). A plaintiff may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into [her] allegations of fraud." *Id.*

As discussed in the section above, I agree that Plaintiffs have failed to plead fraud with particularity.

### III.  Conclusion

For the reasons stated above, the Motion to Dismiss as to the count brought under 11 U.S.C. § 523(a)(4) is granted, and this count will be dismissed. The Motion to Dismiss as to the count brought under 11 U.S.C. § 523(a)(2) is granted, but Plaintiffs may file a further amended complaint. Any further amended complaint must include in the body of the amended complaint sufficient factual matter to "state a claim to relief that is plausible on its face." Further leave to amend the complaint will not be granted. An order consistent with the conclusions as to the count

under 11 U.S.C. § 523(a)(2) will be entered. Judgment will be entered in favor of Debtors and against Plaintiffs as to the count under 11 U.S.C. § 523(a)(4).

**By the Court,**

Date: January 25, 2017

_Mary D. France_
Bankruptcy Judge